IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DAVID HART, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| WAL-MART STORES, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 USC §1446, Defendant Wal-Mart Stores, Inc. files this Notice of Removal in the United States District Court for the Middle District of Georgia, Columbus Division, and evokes this Court's jurisdiction over the above-styled civil action on the following grounds:

1.    This personal injury action was commenced on October 26, 2016, by the filing of the original Summons and Complaint in the State Court of Muscogee County, Georgia, styled, *David Hart v. Wal-Mart Stores, Inc.*, Civil Action File No. SC16CV646. Attached hereto as Exhibit A are copies of all pleadings filed and served in this action to date, as well as a copy of the Notice of Filing Removal, filed in the State Court of Muscogee County, Georgia.

2.      Pursuant to 28 USC §1332, the United States District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

3.      Plaintiff is a resident of the State of Georgia. (See Plaintiff's Complaint, ¶ 1, in Exhibit A).

4.      Defendant Wal-Mart Stores, Inc. is a Delaware Corporation which is registered to do business in Georgia. The principal place of business is located at 702 SW 8th Street, Bentonville, Arkansas 72716. (See Exhibit B). Plaintiff alleges in his Complaint that Defendant Wal-Mart "is a foreign corporation authorized to transact business in the State of Georgia." (See Plaintiff's Complaint ¶ 2, in Exhibit A).

5.      Plaintiff's Complaint does not state an amount of total special damages or total medical bills.  Defendant has not yet been able to conduct discovery to determine this information.  However, Plaintiff alleges a **fractured right wrist** resulting from the accident at issue. (See Plaintiff's Complaint ¶ 9, in Exhibit A).

6.      **Plaintiff alleges past and future medical expenses, past and future pain and suffering, and an inability to attend to his normal affairs and duties**

**for an indefinite period of time. Plaintiff also seeks attorney's fees and litigation expenses for alleged bad faith and stubborn litigiousness.** (See Plaintiff's Complaint ¶¶ 14, 17, in Exhibit A).

7.     On November 18, 2016, counsel for Wal-Mart Stores, Inc. wrote Plaintiff's counsel proposing a Stipulation if the damages at issue "are not likely to exceed the $75,000 [federal] jurisdictional limit." (See Exhibit C). On November 21, 2016, Plaintiff's attorney responded by letter to Wal-Mart's counsel, stating, "**We are unable to stipulate to this case being worth less than $75,000.00" and that Plaintiff would "stipulate to the removal."** (See Exhibit D).

8.     This Notice of Removal is timely as it is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

9.     Based on the foregoing, the amount in controversy, exclusive of interest and costs, is open-ended and potentially exceeds the sum of $75,000.

10.     This Court has jurisdiction over this matter pursuant to 28 USC §1332(a) because complete diversity exists between the parties and the amount in controversy is open-ended and potentially exceeds $75,000.

11.    By service of a copy of this Notice of Removal as evidenced by the Certificate of Service attached, Defendant gives notice of such removal to Plaintiff.

12.    Defendant's Answer and Defenses were timely filed with the State Court of Muscogee County.  (See Exhibit A).

WHEREFORE, Defendant prays that this Court recognize and exercise jurisdiction over this claim from the State Court of Muscogee County, Georgia, and that this action shall proceed as removed under this Court's jurisdiction pursuant 28 USC §1332.

Respectfully submitted, this 2nd day of December, 2016.

**DREW, ECKL & FARNHAM, LLP**

/s/ *Michael L. Miller*
/s/ *Douglas G. Smith, Jr.*

_____
Michael L. Miller
Georgia Bar No. 508011
Douglas G. Smith, Jr.
Georgia Bar No. 656005
Attorneys for Defendant

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
dgsmith@deflaw.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DAVID HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SC16CV646 |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the within and foregoing *Notice Of Removal* on counsel of record via United States Mail, postage prepaid, by US mail and via the CM/ECF system, addressed to counsel of record as follows:

Austin Gower
CHARLES A. GOWER, P.C.
Post Office Box 5509
Columbus, GA  31906

This 2nd day of December, 2016.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Douglas G. Smith, Jr.*

_____
Douglas G. Smith, Jr.
Georgia Bar No. 656005

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
dgsmith@deflaw.com
6832283/1;05695-125079