# EXHIBIT A

| | |
|---|---|
| Civil Action No. _____ | Superior Court ☐ |
| Date Filed October 26, 2016 | State Court ☒ |
| | Georgia, MUSCOGEE COUNTY |

Attorney's Address
Austin Gower
1425 Wynnton Road
P.O. Box 5509
Columbus, GA 31906

David Hart
_____ Plaintiff

VS.

Wal-Mart Stores, Inc.
_____

Name and Address of Party to be Served

Wal-Mart Stores, Inc.
by and through its Registered Agent
Corporation Process Company

2180 Satellite Blvd., Suite 400

Duluth, GA 30097

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows
age, about ____ years; weight, about ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant Wal-Mart Stores, Inc. by and through its registered agent ~~Corporation Process Company~~ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.
Also served first Interrogatori____ ___ ___ ___ for production

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ___ day of Oc __ , 20__.

_____ DEPUTY

SHERIFF DOCKET _____  PAGE _____

~~MUSCOGEE~~ COUNTY, GEORGIA
Gwinnett

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant

SC-2 Rev.85

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

DAVID HART,

    PLAINTIFF,

VS.

WAL-MART STORES, INC,

    DEFENDANT.

CIVIL ACTION FILE NO. SC-16-CV1046

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose names and address is:

    AUSTIN GOWER
    1425 Wynnton Road
    P. O. Box 5509
    Columbus, GA 31906

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 26th day of October, 2016.

Clerk, Muscogee County State Court

By: _____
    Deputy Clerk

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

OCT 26 2016

DEPUTY CLERK
M. LINDA PIERCE, CLERK

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAVID HART, <br><br> PLAINTIFF, <br><br> VS. <br><br> WAL-MART STORES, INC, <br><br> DEFENDANT. | CIVIL ACTION FILE NO. <br><br> _____ |

## COMPLAINT

**COMES NOW** Plaintiff David Hart, individually, and files this Complaint, respectfully showing the following:

### JURISDICTION AND VENUE

1.

Plaintiff David Hart ("Plaintiff" or "David") is over the age of 18 and a citizen of the State of Georgia residing in Columbus, Georgia.

2.

Defendant Wal-Mart Stores, Inc. (hereinafter referred to as "Defendant" and/or "Wal-Mart"), is a foreign corporation authorized to transact business in the State of Georgia. Defendant Wal-Mart may be served with process by serving its registered agent for service of process, Corporation Process Company located at 2180 Satellite Blvd., Gwinnett, Duluth, GA, 30097.

3.

Defendant Wal-Mart operates a store, No. 1338, located at 3515 Victory Drive, Columbus, GA (hereinafter referred to as the "Victory Drive Location").

4.

Jurisdiction and venue are proper in this Court.

5.

The amount in controversy is within the jurisdiction limits of this Honorable Court.

## FACTS

6.

On August 7, 2016, Plaintiff David Hart visited Wal-Mart store No. 1338, as an invitee, located in Columbus, Georgia.

7.

Plaintiff David Hart had never been to the Wal-Mart store No. 1338 prior to August 7, 2016. Therefore, Wal-Mart had superior knowledge of the store condition.

8.

While in an area open to invitees and expected to be traversed by said invitees, the Plaintiff slipped due to a hazard at or near the drain at the entrance which caused him to fall and sustain injuries, including but not limited to, a fractured right wrist.

9.

When Plaintiff stepped into the doorway there was a slight decline which was wet due to rain causing the Plaintiff to fall.

10.

The defect was not an open and obvious hazard.

## COUNT ONE: NEGLIGENCE

11.

Plaintiff incorporates paragraphs 1 through 9 herein by reference.

12.

On or about August 7, 2016, Defendant owed a duty to Plaintiff to exercise reasonable care, to maintain and keep its premises in a reasonable and safe condition, and to warn the public of unsafe and hazardous conditions.

13.

Defendant breached said duty by failing to maintain and keep its premises in a reasonable and safe condition, and failed to warn the public of the unsafe and hazardous conditions.

14.

As a direct and proximate result of Defendant's negligence, Plaintiff has sustained physical injuries and has suffered and will continue to suffer emotional distress, mental anguish, economic losses and other damages. Plaintiff has expended and will continue to expend money for medical bills and expenses, and he has been unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

15.

Plaintiff is entitled to compensatory damages against Defendant for its negligence in an amount to be proven at trial.

## COUNT TWO: ATTORNEY'S FEES & EXPENSES

16.

Plaintiff incorporates paragraphs 1 through 14 herein by reference.

17.

The Defendant has acted in bad faith, has been stubbornly litigious, or has caused the Plaintiff unnecessarily trouble and expense, thereby entitling the Plaintiff to recover attorney's fees and expenses under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, David Hart, prays and respectfully demands the following:

A) For a trial by jury of twelve impartial jurors; and

B) That Plaintiff have and recover from Defendant all relief to which he is entitled after a trial by Jury.

This 20th day of October, 2016.

CHARLES A. GOWER, P.C.

AUSTIN GOWER
Georgia Bar No. 303528

**Counsel for Plaintiff**
austin@cagower.com
1425 Wynnton Road
Post Office Box 5509
Columbus, GA 31906
(706) 324-5685 (telephone)
(706) 322-2964 (facsimile)

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAVID HART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. SC16CV646 |
| WAL-MART STORES, INC., | ) ) |
| Defendant. | ) |

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Wal-Mart Stores, Inc., and files this Answer and Defenses to Plaintiff's Complaint and shows the Court as follows:

#### FIRST DEFENSE

Wal-Mart Stores, Inc. is not a proper party in this matter and must be dismissed. While Defendant denies any and all liability, Defendant states that "Wal-Mart Stores East, LP" is the business entity involved in the day-to-day operation of the Walmart store at issue, and would be the potentially proper defendant in this matter.

#### SECOND DEFENSE

Pending additional investigation and discovery, Defendant affirmatively preserves any and all defenses based on improper or insufficient service, lack of personal jurisdiction, and improper venue.

#### THIRD DEFENSE

Pending additional investigation and discovery, Defendant affirmatively preserves any and all defenses based on the doctrine of laches and/or the statute of limitations.

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

NOV 23 2016

DEPUTY CLERK
M. LINDA PIERCE, CLERK

- 1 -

## FOURTH DEFENSE

Plaintiff's Complaint, taken as a whole, may fail to state a claim against Defendant upon which relief may be granted.

## FIFTH DEFENSE

Defendant states that Plaintiff's alleged injuries and damages were caused by Plaintiff's own actions.

## SIXTH DEFENSE

Defendant denies Plaintiff's allegations regarding the presence of a defect or hazard as defined by Georgia law.

## SEVENTH DEFENSE

Defendant breached no duty owed to Plaintiff.

## EIGHTH DEFENSE

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

## NINTH DEFENSE

Defendant asserts the defenses of contributory and comparative negligence. Defendant denies that Defendant or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

## TENTH DEFENSE

Plaintiff may not recover against Defendant due to Plaintiff's equal or superior knowledge of any condition which she alleges resulted in this event.

6814525/1
05695-125079

### ELEVENTH DEFENSE

Defendant denies all allegations regarding negligent inspection and maintenance. Defendant denies the existence of any alleged hazard.

### TWELFTH DEFENSE

Defendant denies all allegations regarding failure to warn.

### FOURTEENTH DEFENSE

Defendant denies all allegations or implications of negligent, reckless, willful, wanton, intentional and grossly negligent acts or omissions.

### FIFTEENTH DEFENSE

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

### SIXTEENTH DEFENSE

Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### SEVENTEENTH DEFENSE

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

1.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint, and places Plaintiff on strict proof of same.

2.

Admitted as pled. Defendant re-asserts the First Defense.

6814525/1
05695-125079

3.

Denied as pled. Defendant re-asserts the First Defense.

4.

Denied as pled. Defendant re-asserts the First Defense.

5.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 5 of Plaintiff's Complaint, and places Plaintiff on strict proof of same. Defendant denies all allegations or implications of negligence or liability.

## FACTS

6.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 6 of Plaintiff's Complaint, and places Plaintiff on strict proof of same.

7.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 7 of Plaintiff's Complaint, and places Plaintiff on strict proof of same. Defendant denies all allegations or implications of negligence or liability.

8.

Denied.

9.

Denied as pled.

10.

Denied as pled. Defendant re-asserts the Sixth Defense.

## COUNT ONE: NEGLIGENCE

11.

Defendant incorporates paragraphs 1 through 10 herein by reference.

12.

Defendant states that all such duties are established as a matter of Georgia law. Defendant denies all allegations or implications of breach of duty, negligence, or liability.

13.

Denied.

14.

Denied.

15.

Denied.

## COUNT TWO: ATTORNEY'S FEES & EXPENSES

16.

Defendant incorporates paragraphs 1 through 15 herein by reference.

17.

Denied.

18.

In response to Plaintiff's prayer for relief, Defendant agrees with subpart (a) and denies subpart (b).

19.

Defendant denies all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

6814525/1
05695-125079

DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.

Having fully answered, Defendant prays that it be discharged with all costs cast against the Plaintiff.

This 22nd day of November, 2016.

DREW, ECKL & FARNHAM, LLP

*/s/ Half F. McKinley, III*
Half F. McKinley, III
Georgia Bar No. 495512
Michael L. Miller
Georgia Bar No. 508011
Attorneys for Defendant

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-6421
404-876-0992 (fax)

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAVID HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. SC16CV646 |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via United States Mail, postage prepaid, a true and correct copy of the foregoing **ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the following counsel of record, addressed as follows:

Charles Gower
Charles Gower, P.C.
1425 Wynnton Road
Post Office Box 5509
Columbus, GA 31906

This 22nd day of November, 2016.

DREW, ECKL & FARNHAM, LLP

_____
Hall F. McKinley, III
Georgia Bar No. 495512
Michael L. Miller
Georgia Bar No. 508011
Attorneys for Defendant

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-6421
404-876-0992 (fax)

- 7 -

6814525/1
05695-125079

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAVID HART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. SC16CV646 |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF FILING OF REMOVAL**

TO:   Clerk, State Court of Muscogee County, Georgia

In compliance with 28 USC §1446(d), you are hereby notified of a filing of a Notice of Removal in this action with the United States District Court for the Middle District of Georgia, Columbus Division, a copy of which is attached hereto.

Respectfully submitted, this 2nd day of December, 2016.

DREW ECKL & FARNHAM, LLP

_____
Michael L. Miller
Georgia Bar No. 508011
Douglas G. Smith, Jr.
Georgia Bar No. 656005
*Attorneys for Defendant Walmart*

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAVID HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. SC16CV646 |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I CERTIFY that I have this date served a copy of the within and foregoing **NOTICE OF FILING OF REMOVAL** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Austin Gower
CHARLES A. GOWER, P.C.
Post Office Box 5509
Columbus, Georgia 31906

This 2nd day of December, 2016.

DREW ECKL & FARNHAM, LLP

Douglas G. Smith, Jr.
Georgia Bar No. 656005
*Attorneys for Defendant*

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400

6832226/1
05695-125079

2