IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DAVID HART,                    *

    Plaintiff,             *

vs.                            *
                                               CASE NO. 4:16-CV-374 (CDL)

WALMART STORES EAST L.P.,      *

    Defendant.             *

O R D E R

Plaintiff David Hart went to the Walmart on Victory Drive in Columbus, Georgia. It was a rainy day, and the sidewalk was wet. As Hart entered the Walmart garden center door, he slipped and fell. Hart brought this action against Walmart, arguing that the entrance to the garden center was poorly designed and that this poor design, combined with the rainwater, caused him to fall. Walmart seeks summary judgment on Hart's claims. As discussed below, Walmart's motion (ECF No. 9) is granted in part and denied in part.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing

summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Hart, the record reveals the following facts. Hart drove to the Walmart on Victory Drive in Columbus, Georgia. He parked his car and walked to the garden center. It was raining, and the sidewalk was wet. The automatic doors to the garden center were turned off, and a Walmart associate manually opened the doors for Hart. Hart took one step inside the doors, slipped, and fell.

Hart knew that it was raining, he knew that the sidewalk outside the store was wet, he knew that the rainwater could be tracked into the store, and he knew that a floor can be slippery if it is wet. Hart presented evidence that the walking surface leading into the garden center has a slight downward slope toward a drain inside the door. And, there is a transition from brush finish concrete to smooth finish concrete. Hart testified that he expected a wet floor but did not expect a "downhill slick floor." Hart Dep. 53:14-24, ECF No. 11. According to Hart's expert witness, an architect, the entrance to the garden center "does not

2

comply with minimum building code standards" because of "walkway conditions that contain uneven floor levels, non-uniform floor surface finishes, and non-uniform slip resistance in an area where wet conditions are expected." Barnes Aff. Ex. A, Inspection Report 2, ECF No. 12-1 at 25.

A surveillance video captured the following image of Hart's fall:



Hart Dep. Ex. 2, ECF No. 11 at 28.

DISCUSSION

I. **Hart's Premises Liability Claim**

"To recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of

3

land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public." *Am. Multi-Cinema, Inc. v. Brown*, 679 S.E.2d 25, 27 (Ga. 2009).[1] "'In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor,' because '[t]he true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitee[] to an *unreasonable risk* of harm.'" *Drew v. Istar Fin., Inc.*, 661 S.E.2d 686, 689 (Ga. Ct. App. 2008) (alterations in original) (quoting *Sunlink Health Sys. v. Pettigrew*, 649 S.E.2d 532 (Ga. Ct. App. 2007)).

To survive a summary judgment motion in a slip-and-fall case, "a plaintiff must come forward with evidence that, viewed in the most favorable light, would enable a rational trier of fact to find that the defendant had actual or constructive knowledge of the hazard." *Am. Multi-Cinema, Inc.*, 679 S.E.2d at 28. "At that point, the burden of production shifts to the defendant to produce evidence that the plaintiff's injury was caused by his or her own voluntary negligence (intentional disregard of a known risk) or causal negligence (failure to exercise ordinary care for one's personal safety)." *Id.* "If the defendant succeeds in doing so,

---

[1] Georgia law applies in this diversity action. *See, e.g., Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* [*R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)] doctrine, federal courts sitting in diversity apply state substantive law[.]").

4

the burden of production shifts back to the plaintiff to come forward with evidence that creates a genuine dispute of fact on the question of voluntary or causal negligence by the plaintiff or tends to show that any such negligence resulted from the defendant's own actions or conditions under the defendant's control." *Id.*

Since the basis for liability is a store proprietor's superior knowledge of the hazard, store proprietors are generally "not liable to patrons who slip and fall on floors made wet by rain conditions unless there has been an unusual accumulation of water and the proprietor has failed to follow reasonable inspection and cleaning procedures." *Walker v. Sears Roebuck & Co.*, 629 S.E.2d 561, 564 (2006). This is so because "[t]he risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate." *Id.* (quoting *Cook v. Arrington*, 358 S.E.2d 869, 871 (Ga. Ct. App. 1987)). So, in rainy day slip-and fall cases, the plaintiff must present sufficient evidence for a reasonable juror to conclude that there was a hazard *other than* simply rainwater on the floor.

In *Flournoy v. Hospital Authority of Houston County*, 504 S.E.2d 198, 199 (Ga. Ct. App. 1998), for example, the Georgia Court of Appeals concluded that a fact question existed on whether

5

the premises owner had superior knowledge that its ramp presented a hazard because the plaintiff offered expert testimony that the ramp's excessive slope and worn surface were hazardous when wet. And in *Cohen v. Target Corp.*, 567 S.E.2d 733, 735 (Ga. Ct. App. 2002), the Georgia Court of Appeals suggested, albeit in dicta, that if there is evidence of negligent construction, inappropriate building materials, or of a building code violation, that could be proof of a defect or hazard to support a premises liability claim.

Here, Hart presented evidence from which a reasonable jury could conclude that Walmart used inappropriate building materials and violated applicable building codes in constructing the entrance to the garden center, resulting in a floor that was unreasonably slick when it rained. Therefore, a jury could conclude that the entrance presented a hazard and that Walmart had superior knowledge of the conditions that led to Hart's fall. *See Hicks v. Walker*, 585 S.E.2d 83, 86 (Ga. Ct. App. 2003) (noting that "[i]n cases of defective construction, the owner is presumed to have notice of the danger").

Walmart appears to argue that even if there was a hazardous condition at the entrance to the garden center, it exercised reasonable care, *as a matter of law*, in keeping its premises safe. It is true that this issue can be decided as a matter of law if the store owner presents undisputed evidence that it exercised reasonable care by making periodic inspections, mopping the floor,

and taking other precautions to keep the premises safe. *See, e.g., Winn-Dixie Atlanta, Inc. v. Bianco*, 418 S.E.2d 819, 820 (Ga. Ct. App. 1992) (reversing denial of summary judgment in a rainy day slip-and-fall case where the store presented evidence that its employee had mopped the relevant area less than thirty minutes before the plaintiff fell). Here, Walmart argues in its brief that it took various precautions to remove rainwater and to warn customers that the floor might be wet. The Court finds that notwithstanding the precautions established in the record, a reasonable juror could nevertheless find that Walmart did not point to sufficient evidence that it exercised ordinary care. Therefore, this issue cannot be decided as a matter of law.

Finally, to the extent Walmart argues that Hart's injury was caused by his own "voluntary negligence (intentional disregard of a known risk) or causal negligence (failure to exercise ordinary care for one's personal safety)," the Court finds that this is a question for a jury. *Am. Multi-Cinema, Inc.*, 679 S.E.2d at 28 (noting that issues such as "how vigilant patrons must be for their own safety in various settings, and where customers should be held responsible for looking or not looking are all questions that, in general, must be answered by juries as a matter of fact"). In sum, because genuine fact disputes exist on Hart's premises liability claim, the Court denies Walmart's summary judgment motion on this claim.

**II. Hart's O.C.G.A. § 13-6-11 Claim**

Hart contends that there is also a jury question on his claim for attorney's fees and expenses under O.C.G.A. § 13-6-11. These damages are only permitted where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. Hart concedes that there is no evidence of bad faith. If there is no bad faith and if "a bona fide controversy" exists between the parties, then there is no evidence to support an award pursuant to O.C.G.A. § 13-6-11. *Brown v. Baker*, 398 S.E.2d 797, 800 (Ga. Ct. App. 1990). In other words, if "bad faith is not an issue," then attorney's fees are not authorized under O.C.G.A. § 13-6-11 "if the evidence shows that 'a genuine dispute exists-whether of law or fact, on liability or amount of damages, or on any comparable issue.'" *Id.* (quoting *Dimambro Northend Assoc. v. Williams*, 312 S.E.2d 386, 392 (Ga. Ct. App. 1983)). So, if there is a genuine fact dispute on liability or damages, a claim under O.C.G.A. § 13-6-11 need not be submitted to the jury. *See, e.g., id.* (reversing denial of summary judgment on O.C.G.A. § 13-6-11 claim because there was a genuine fact dispute on liability and damages); *see also Horton v. Dennis*, 750 S.E.2d 493, 498 (Ga. Ct. App. 2013) (affirming trial court's refusal to submit the issue of litigation expenses to the jury because there was a genuine fact dispute—and therefore a bona fide controversy—as to liability and damages);

8

*Webster v. Brown*, 446 S.E.2d 522, 524-25 (Ga. Ct. App. 1994) (same).

Here, there is a genuine fact dispute on (1) whether Walmart had superior knowledge of a hazard at the entrance to the garden center, (2) whether Walmart exercised reasonable care in keeping its premises and approaches safe, (3) whether Hart exercised reasonable care for his own safety, and (4) the amount of Hart's damages. Accordingly, a bona fide controversy exists, and Walmart is therefore entitled to summary judgment on Hart's O.C.G.A. § 13-6-11 claim.

## CONCLUSION

For the reasons set forth above, Walmart's summary judgment motion (ECF No. 9) is denied as to Hart's premises liability claim but granted as to Hart's claim under O.C.G.A. § 13-6-11. This case will be tried during the Court's March trial term.

IT IS SO ORDERED, this 29th day of December, 2017.

                                    S/Clay D. Land
                                    CLAY D. LAND
                                    CHIEF U.S. DISTRICT COURT JUDGE
                                    MIDDLE DISTRICT OF GEORGIA